### Newton Jackson v. G. W. Bloom.

1.  PROMISE—*Without a Consideration, Void.*—A promise without a consideration, to pay a debt, is unavailing, and no recovery can be had thereon.

2.  TRIAL BY THE COURT—*Exceptions.*—Where a cause is tried by the court without a jury, and no exception is preserved in a bill of exception to the finding of the court, the finding will be affirmed in the Appellate Court.

**Assumpsit,** for goods sold and delivered.   Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER. Judge, presiding. Heard in this court at the October term, 1896.   Affirmed.   Opinion filed October 22, 1896.

KELSEY & LAZARUS, attorneys for appellant.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee has filed no brief, and we copy from the brief of the appellant a statement of facts as follows:

" In the fall of 1892, the plaintiff, Jackson, shipped lumber and shingles to C. G. James, at Harvey, Illinois, to be disposed of by him.   James was a builder, and put part of the lumber, about $180 to $200 worth, into a house which was being built for Bloom in North Harvey, and caused to be drawn and delivered on defendant Bloom's lots and into Bloom's possession in Harvey, lumber to the amount of $300.   In December Jackson went to Harvey and saw James

and they figured up the amount of lumber which went into the house and the amount that had been drawn and delivered to Bloom on his lots, and found that it amounted to $492, and thereupon James gave Jackson a statement in writing to Bloom containing the amount of the lumber and that it amounted to $492, and that any arrangement that Jackson should make with Bloom would be satisfactory.

Jackson took the paper and went to Bloom and handed it to him and talked with him about it, and Bloom paid him $50 on it and told him he was going to get some money from Wisconsin about January 1st, and would pay him the balance about that time; Jackson called on Bloom again about January 1st, and Bloom gave him his note for $150. Jackson saw him two or three times after that, and he claimed there was some little misunderstanding between James and himself; that he wanted that fixed, then he would pay the balance. That afterward Mr. Lazarus, one of Jackson's attorneys, presented the paper to Bloom, and Bloom said he was not in a position at that time to do any-thing; that his expenses were heavy. He wanted to see his men and talk with them.

Afterward, October 20, 1893, Bloom wrote to Jackson that if he could see Jackson they might compromise their matters and settle it, and asked Jackson to meet him somewhere by themselves and they would see what they would do."

On this state of facts the appellant had no case. The appellee had bought nothing from the appellant, and there was no consideration for any promise by the appellee to pay anything.

No release of James—no promise of forbearance to him —is in the case; and the "statement in writing" bears no resemblance to a bill of exchange, of which a parol acceptance would be binding.

The abstract shows that the lumber was billed—invoiced—to James, and that he was building for the appellee, under some contract to build five houses. James was not an agent to sell lumber for the appellant, but a purchaser

from him; nor did he sell lumber to the appellee, but used it in the performance of a building contract with him.

But aside from all the foregoing, the case was tried by the court without a jury, and resulted in a finding and judgment for the appellee, without any exception preserved by the appellant—at least so far as the abstract shows.

The judgment is affirmed.

MR. JUSTICE WATERMAN.

I assent to the affirmance for the reason last stated.